IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEVEN DAVID COOK                                                    PLAINTIFF

VS.                          NO. 4:15cv228-BRW

BRUCE PENNINGTON, individually, and
in his official capacity as Sheriff of Saline
County, Arkansas; LT. DON BIRDSONG,
individually, and in his official capacity as the
Administrator of the Saline County Detention
Center; ROGER L. TROXEL, M.D., individually,
and in his official capacity as a policy-maker and
health care provider for Advanced Correctional
Healthcare, Inc.; ANDY GILL, individually;
ADVANCED CORRECTIONAL HEALTHCARE,
INC.; SALINE COUNTY, ARKANSAS; DEPUTY
LAUREN FURR, individually; SGT (1st name
unknown) RICHARDS, individually; DEPUTY
RYAN McKINNEY, individually; and LPN GLENN
SONK, individually                                                   DEFENDANTS

This case assigned to District Judge Wilson
COMPLAINT   and to Magistrate Judge _____

COMES THE PLAINTIFF, Steven David Cook, by and through his attorneys, Edward G. Adcock, Arkansas Bar No. 83001, and C. Daniel Hancock, Arkansas Bar No. 2001-022 and for his Complaint, states and alleges as follows, *to wit*:

I.

Introduction

This is an action for declaratory, injunctive and monetary relief brought by Plaintiff, **Steven David Cook**, against Defendants **Bruce Pennington**, at all times pertinent hereto Sheriff of Saline County, Arkansas, **Lt. Don Birdsong**, at all times pertinent hereto Jail Administrator in and for the Saline County Detention Center, **Dr.**

1

**Roger L. Troxel,** at all times pertinent hereto a policy-maker for Advanced Correctional Healthcare, Inc., and, at all times pertinent hereto, health care provider for the Saline County Detention Center, **Andy Gill,** at all times pertinent hereto an Assistant Prosecuting Attorney in and for Saline County, Arkansas, **Advanced Correctional Healthcare, Inc,** a private company which, at all times pertinent hereto, contracted with Saline County, Arkansas to provide healthcare to inmates/detainees in the Saline County Detention Center, **Saline County, Arkansas**, which, at all times pertinent hereto, had a constitutional duty to provide adequate/competent health care to inmates/detainees in the Saline County Detention Center, **Deputy Lauren Furr,** at all times pertinent hereto a Deputy with the Saline County Sheriff's Department, **Sergeant (1st name unknown) Richards,** at all times pertinent hereto a Sergeant with the Saline County Sheriff's Department, **Deputy Ryan McKinney,** at all times pertinent hereto a Deputy with the Saline County Sheriff's Department, and **LPN Glenn Sonk**, alleging, as more specifically set forth below: [a] that the individual Defendants Pennington, Birdsong, Troxel, Furr, Richards, McKinney and Sonk, acting individually and, with regard to Pennington, Birdsong and Troxel, in their official capacities as Sheriff, Jail Administrator and Health Care Provider, respectively, in and for the Saline County Detention Center, did knowingly and purposefully act to deprive Plaintiff Cook of needed medical care and, in so doing, were deliberately indifferent to Plaintiff's rights guaranteed him by the Fifth, Eighth and/or Fourteenth Amendments to the Constitution of the United States of America and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*, and, [b] that the acts and conduct of the individual defendants Pennington and Birdsong complained of above and below were pursuant to policies and practices and

patterns of conduct specifically enforced and endorsed by the Defendant, Saline County, Arkansas, having the known and practical effect of depriving inmates of the Saline County Detention Center of needed medical care in violation of the Fifth, Eighth and/or Fourteenth Amendments to the Constitution of the United States of America and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*, and, **[c]** that the acts and conduct of the individual defendant Troxel complained of above and below were pursuant to policies and practices and patterns of conduct specifically enforced and endorsed by the Defendant, Advanced Correctional Healthcare, Inc., having the known and practical effect of depriving inmates of the Saline County Detention Center of needed medical care in violation of the Fifth, Eighth and/or Fourteenth Amendments to the Constitution of the United States of America and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*, **[d]** that the acts and conduct of Andy Gill complained of below were undertaken ostensibly in his capacity as an Assistant Prosecuting Attorney when, in fact, said acts and conduct were outside the purview of his duties as an Assistant Prosecuting Attorney and, hence, that he enjoys no immunity for the harm caused Plaintiff by and through his acts which contributed to the loss of constitutional rights guaranteed Plaintiff and which caused Plaintiff severe emotional distress under the laws of the State of Arkansas; **[e]** that the acts and conduct of Defendants Saline County, Arkansas and Advanced Correctional Healthcare, Inc. complained of above and below constituted "state action" within the meaning of 42 U.S.C. Section 1983 and that the Defendants Saline County, Arkansas and Advanced Correctional Healthcare, Inc. are also liable for the constitutional violations inflicted on the Plaintiff by the individual defendants herein; and, **[f]** that the acts and conduct of the

individual Defendants Pennington, Birdsong, Troxel and Gill complained of above and below were willful and malicious and purposefully designed to deprive Plaintiff of rights guaranteed him pursuant to the Constitution of the United States of America, specifically the Fifth, Eighth and/or Fourteenth Amendments thereto; and, **[g]** that the acts and conduct of the individual Defendants Pennington, Birdsong, Troxel and Gill complained of above and below constituted the tort of outrage and the tort of intentional infliction of severe emotional distress under the laws of the State of Arkansas; and **[f]** that the acts and conduct of the individual Defendants Furr, Richards, McKinney and Sonk complained of above and below constituted "state action" within the meaning of 42 U.S.C. Section 1983 and, specifically, that they knew of knew of Cook's need for medical care, ignored that need and, hence, were deliberately indifferent just as the administrators who may have made the management-level decisions to deny medical care to Plaintiff Cook.

## II.

### Jurisdiction and Venue

1.      Jurisdiction of this Court in invoked pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. Sections 1343(a)(3) & (4) to redress deprivations of rights guaranteed by the Constitution of the United States, specifically rights guaranteed Plaintiff by the Fifth, Eighth and/or the Fourteenth Amendments thereto.  This Court has supplemental jurisdiction over a state law claim pursuant to 28 U.S.C. Section 1367.

2.      Venue of this Court is proper pursuant to 28 U.S.C. 1391(b) in that all of the conduct complained of herein occurred and all claims raised herein arose within the corporate boundaries of the City of Benton, Saline County, Arkansas which, itself, is within the Western Division of the Eastern District of Arkansas.

## III.

## Parties

3. Plaintiff Steven David Cook (hereafter "Plaintiff" or "Cook" or "Plaintiff Cook") was at all times pertinent hereto a resident of Benton, Saline County, Arkansas.

4. Defendant Bruce Pennington (hereafter "Pennington" or "Defendant Pennington") was at all times pertinent hereto a resident of Benton, Saline County and at all times pertinent hereto served as the Saline County Sheriff. In that capacity, and pursuant to Ark. Code Ann. Sections 12-41-502, 12-41-503, 12-41-507 and 12-26-101 *et.seq.*, he was responsible a) for the operation of the Saline County Detention Center, including, specifically, the establishment and enforcement of policies, practices, procedures and regulations for the conduct of the Saline County Detention Center and its officials/employees, b) for the hiring, training, supervision and control of all members of the Saline County Sheriff's Department, specifically, the administrators and jailers in the Saline County Detention Center, and, c) for the general operation, practices and totality of conditions in the Saline County Detention Center, including but not limited to maintaining the Saline County Detention Center in conformity with State of Arkansas jail standards and Constitutional requirements. As such, he was also responsible for those institutional patterns of action, or lack of action, by any and all employees of the Saline County Detention Center, which result in the creation of, or tacit approval of, "ad hoc" policies that violate the constitutional rights of pretrial detainees or convicted inmates housed in the Saline County Detention Center. Most importantly, at all times pertinent hereto Pennington had the constitutionally-imposed duty to ensure that inmates/detainees of the Saline County Detention Center received adequate medical care while incarcerated.

All of the acts and conduct of Defendant Pennington complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

5. Defendant Don Birdsong (hereafter "Birdsong" or Defendant Birdsong") was at all times pertinent hereto a resident of Benton, Saline County, Arkansas and at all times pertinent hereto served as the Administrator of the Saline County Detention Center. In that capacity, and pursuant to Ark. Code Ann. Sections 12-41-502, 12-41-503, 12-41-507 and 12-26-101 *et.seq.,* he was responsible a) for the operation of the Saline County Detention Center, including, specifically, the establishment and enforcement of policies, practices, procedures and regulations for the conduct of the Saline County Detention Center and its officials/employees, b) for the hiring, training, supervision and control of all members of the Independence County Sheriff's Department, specifically, the administrators and jailers in the Saline County Detention Center, and, c) for the general operation, practices and totality of conditions in the Saline County Detention Center, including but not limited to maintaining the Saline County Detention Center in conformity with State of Arkansas jail standards and Constitutional requirements. As such, he was also responsible for those institutional patterns of action, or lack of action, by any and all employees of the Independence county Detention Center which result in the creation of, or tacit approval of, "ad hoc" policies that violate the constitutional rights of pretrial detainees or convicted inmates housed in the Saline County Detention Center. Most importantly, at all times pertinent hereto Birdsong had the constitutionally-imposed duty to ensure that inmates/detainees of the Saline County Detention Center received adequate medical care while incarcerated. All of the acts and conduct of Defendant

6

Dowell complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

6.      Defendant Dr. Roger L. Troxel, M.D. (hereafter "Troxel" or "Dr. Troxel" or "Defendant Troxel") was at all times pertinent hereto a resident of Benton, Saline County, Arkansas and at all times pertinent hereto served in a contractual capacity with the Defendant Advanced Correctional Healthcare, Inc. as the immediate, hands-on provider of health care in and for the Saline County Detention Center.  At all times pertinent hereto Defendant Troxel had the responsibility of providing first responder medical care to inmates in the Saline County Detention Center and, importantly, he also had the responsibility of making arrangements for out-of-facility medical care and, more importantly, for determining what treatment a given inmate/detainee was to receive while incarcerated in the Saline County Detention Center.  As evidenced by the averments below, Defendant Troxel, while fully aware of Plaintiff Cook's dire need for medical care and the consequences of withholding such care, willfully and purposefully refused to provide any medical care whatever to Plaintiff Cook while he [Cook] was incarcerated, in violation of the constitutional duty imposed upon Troxel by the Constitution of the United States and the Constitution of Arkansas and in violation of the laws of the State of Arkansas.  All of the acts and conduct of Defendant Troxel complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983.

7.      Defendant Andy Gill (hereafter "Gill" or "Defendant Gill") was at all times pertinent hereto an Assistant Prosecuting Attorney in and for Saline County, Arkansas.  However, the acts and conduct of Defendant Gill complained of herein were

7

outside the purview of his duties and responsibilities as an Assistant Prosecuting Attorney and, hence, he is not cloaked in the immunity he would enjoy had his acts and conduct herein fell within the purview of his job duties.

8. Defendant, Saline County, Arkansas is a governmental entity authorized and acting pursuant to the laws of the State of Arkansas. All of the acts and conduct of its agents and employees complained of herein were under color of state law and all of the acts and conduct of its agents/employees complained of herein were pursuant to policies and procedures and consistent with practices sanctioned by management officials of Independence County, who for years have willfully and purposefully condoned abuse of inmates in the Saline County Detention Center and the failure/refusal to provide medical care to inmates/detainees of the Saline County Detention Center.

9. Defendant Advanced Correctional Healthcare, Inc. (hereafter "ACH") is a private, for-profit corporation organized under the laws of the State of Illinois. At all times pertinent hereto it was registered with the Arkansas Secretary of State as a foreign entity lawfully operating in Arkansas. It's listed agent for service of process is The Corporation Company / 124 W. Capitol Avenue, Suite 1900, Little Rock, AR 72201. All of the acts and conduct of employees/contractees of ACH complained of herein constituted "state action" within the meaning of 42 U.S.C. Section 1983.

10. Defendant Lauren Furr (hereafter "Furr" or "Deputy Furr" or "Defendant Furr") is a resident of Saline County, Arkansas and was at all times pertinent hereto a Deputy in and for the Saline County Sheriff's Department. All of the acts and conduct of Defendant Furr complained of herein were "state action" within the meaning of 42 U.S.C. Section 1983.

8

11.     Defendant (1st name unknown) Richards (hereafter "Richards" or "Sergeant Richards" or "Defendant Richards") is a resident of Saline County, Arkansas and was at all times pertinent hereto a Sergeant in and for the Saline County Sheriff's Department.  All of the acts and conduct of Defendant Richards complained of herein were "state action" within the meaning of 42 U.S.C. Section 1983.

12.     Defendant Ryan McKinney (hereafter "McKinney" or "Deputy McKinney" or "Defendant McKinney") is a resident of Saline County, Arkansas and was at all times pertinent hereto a Deputy in and for the Saline County Sheriff's Department. All of the acts and conduct of Defendant McKinney complained of herein were "state action" within the meaning of 42 U.S.C. Section 1983.

13.     Defendant Glenn Sonk (hereafter "Sonk" or "LPN Sonk" or "Defendant Sonk") was at all times hereto an LPN employed by Defendant ACH and served as a health care provider in the Saline County Detention Center.  Though ACH is a private company, it was at all times pertinent hereto performing a function reserved by law to government and, hence, its actions and the actions of its employees constituted "state action" within the meaning of 42 U.S.C. Section 2983.

## IV.

## Facts

14.     Plaintiff Cook was arrested and incarcerated in the Saline County Detention Center on June 29, 2012.  On that day he experienced a prolapsed colon. Approximately a foot of Cook's colon had inverted and was protruding out of his rectum. The prolapse caused Cook extreme physical pain.  In addition, the prolapse caused Cook extreme emotional distress.  With so much of his colon literally hanging outside of his

9

y
x

body, Cook knew full well that he was definitely in need of immediate medical attention, possibly surgery. As a non-medical person, Cook feared that, without immediate medical attention, he could suffer irreversible physical harm, possibly even death.

15. Cook informed jailers of his condition. On June 29, 2012, an Defendant Sonk and Dr. Troxel were called to the book-in area of the Detention Center by Deputy Furr. Sonk and Dr. Troxel were shown the prolapse. Sonk's post-dated Medical Progress Note says that "we (medical) could see inmate's rectum/rectal lining progruding (prolapsed) from his colon. Defendant Birdsong was also brought to the book-in area where he viewed the prolapse. Birdsong appeared to be aghast at the severity of the problem.

16. Upon observing Cook's obvious medical condition, the Sonk and Dr. Troxel proceeded to the Sergeant's office where Troxel told Defendants Pennington and Birdsong as well as Deputy Furr and Defendant Richards that Cook needed to be taken immediately to the hospital. Importantly, Troxel gave no orders for treatment while Cook remained in the Saline County Detention Center. The post-dated Medical Progress Note penned by Sonk reads as follows:

> Dr. Troxel gave medical no order to assess, evaluate or check. . .but proceeded to Sargeant's (SIC) office and alerted staff that he recommended that inmate be sent to hospital. While in Sargeant's (SIC) office even Sheriff Pennington agreed to Dr. Troxel's recommendation. Dr. Troxel left facility shortly after but again gave [zero] orders for medical care for inmate as he expected that inmate cook would soon be sent out to hospital.

17. At that time, on June 29, 2012, both Defendant Pennington and Defendant Birdsong, the two (2) officials of the Saline County Sheriff's Department with specific authority to supervise the Saline County Detention Center, the two (2) officials of the

Saline County Sheriff's Department with a specific constitutionally-imposed duty to ensure that inmates and/or detainees receive adequate medical care while incarcerated, had specific knowledge of Cook's medical condition and, more importantly, were fully aware that the physician specifically charged with hands-on medical care in the Detention Center had said in no uncertain terms that Cook needed to go to the hospital.

18. At that time, immediately upon learning of Dr. Troxel's recommendations, both Defendants Pennington and Birdsong agreed that Cook was to be immediately booked and released to go to the hospital.

19. Shortly thereafter, however, Defendant Gill called and, essentially, told Defendants Furr, Richards, McKinney, Pennington and Birdsong that Cook "could push his rectum inside out 'at will' " and that the Detention Center was not to release him [Cook]. Gill is not a physician. Gill had no specific first-hand knowledge of Cook's medical condition (past nor present). And, most importantly, as an Assistant Prosecuting Attorney Gill had no lawful authority to run the Detention Center. That authority rested solely with Defendant's Pennington and Birdsong. Nevertheless, in deference to Gill, a layman who had no specific, first hand knowledge of Cook's medical condition or the consequences of inattention to his [Cook's] medical condition, and in direct contravention of the instructions of Dr. Troxel, Defendants Pennington, Birdsong, Richards, Furr and McKinney deferred to Gill and Cook remained in jail with his colon still prolapsed, hanging outside his rectum.

20. At this point, Plaintiff does not know for certain how Gill obtained the information underlying his outlandish allegations. Certainly, Gill had no personal knowledge of Cook's body, specifically his colon and/or rectum. In any event, Gill's

assertions are and were patently false. Upon information and belief, a healthy colon cannot simply become inverted and protrude outside the human body unless there is some sort of serious medical trauma taking place. More importantly, the allegation that Cook could "at will" cause his colon to prolapse is patently false as is the inference that he [Cook] had suffered similar injury in the past.

21. In any event, Defendant Saline County, by and through its Sheriff and its Jail Administrator, ignored the clear, unequivocal instructions of Doctor Troxel and, based upon the medically and legally-irrelevant "instructions" of an Assistant Prosecuting Attorney who had no lawful authority whatsoever to run the Detention Center, left Cook languishing in jail, lying in feces and blood in a dirty cell, exposed to germs and bacteria of all sorts, with his colon hanging out for four (4) days, from Friday June 29, 2012 until the afternoon of Monday, July 2, 2012.

22. In addition, Defendants Furr, Richards and McKinney all had specific knowledge of Cook's dire need for medical care and, for a period of four (4) calendar days, all specifically ignored Cook's need for medical care and did nothing. The inaction of Defendants Furr, Richards and McKinney constituted deliberate indifference.

23. During the interim period while Cook remained in the Detention Center with his colon hanging out, per the instructions of Dr. Troxel, *see* Paragraph No. 16, above, Cook received no medical care whatever from Troxel or Sonk. More to the point, Troxel told Sonk that he [Sonk] was not to touch "the guy." Sonk was told again on July 2, 2012 that Troxel "did not want me to touch the guy. . ." even while knowing that Cook was still in the Detention Center and still had the prolapsed colon.

24. Troxel's specific instructions that Cook was not to be touched constituted

deliberate indifference. Despite the fact that Troxel had instructed that Cook was not to be touched, Sonk's continued refusal to deliver whatever medical care he could in the jail context constituted deliberate indifference. The actions of Troxel and Sonk constituted "state action" within the meaning of 42 U.S.C. Section 1983.

25. Ultimately, on the fourth (4th) day of his incarceration, Cook was finally released with instructions to seek medical help. In the interim, for four (4) calendar days, Cook remained in a dirty, unsanitary cell with his colon exposed to germs and bacteria. During that time, he was bleeding and the colon was covered in part by blood and feces. During that time, he experienced very intense physical pain and, knowing that the colon was exposed to germs and bacteria, he feared that the exposed colon was becoming infected and would cause infection or disease to invade his entire body.

26. As a direct and proximate result of the acts and conduct of all Defendants complained of above, *see* Paragraph Nos. 1 through 19, above, Cook suffered extreme physical pain, permanent injury and emotional pain and suffering.

27. Defendants Pennington, Birdsong, Furr, Richards and McKinney, and, by and through Defendants Pennington and Birdsong, themselves policy-makers for the County, Defendant Saline County knew full well of Plaintiff Cook's medical condition and knew full well that Cook was in dire need of medical attention. Nevertheless, despite specific knowledge of Cook's need for immediate medical attention, Defendants Pennington, Birdsong, Furr, Richards and McKinney and Saline County refused to allow Plaintiff Cook to be released to seek medical attention on his own. Defendants Pennington and Birdsong and Saline County were, hence, deliberately indifferent to Cook's known medical needs. In essence, they knew he [Cook] needed to go to the

hospital and, based upon the medically and legally irrelevant "instructions" from Gill, caused Cook to remain incarcerated with a prolapsed colon for four (4) calendar days. As a direct and proximate result of the acts and conduct of Defendants Pennington, Birdsong, Furr, Richards, McKinney and Saline County complained of above, *see* Paragraph Nos. 1 through 23, above, Cook suffered extreme physical pain, permanent injury and emotional pain and suffering.

28. Given the totality of the circumstances, including **a)** the absence of any first-hand knowledge of Cook's medical condition, **b)** the apparent personal animus and the apparent desire to keep Cook incarcerated regardless of the fact a physician had recommended hospitalization, **(c )** the lack of any lawful authority to run the detention center, and **d)** the total disregard for the County's constitutionally-imposed obligation to provide adequate medical care for detainees/inmates in the Detention Center, the acts and conduct of Defendant Gill, *see* Paragraph Nos. 1 through 23, above, was extreme and outrageous and utterly intolerable in a civilized society and constituted the tort of intentional infliction of severe emotional distress under the laws of the State of Arkansas.

29. Given the totality of the circumstances, including **a)** the absence of any first-hand knowledge of Cook's medical condition, **b)** the apparent personal animus and the apparent desire to keep Cook incarcerated regardless of the fact a physician had recommended hospitalization, **(c )** the lack of any lawful authority to run the detention center, and **d)** the total disregard for the County's constitutionally-imposed obligation to provide adequate medical care for detainees/inmates in the Detention Center, the acts and conduct of Defendant Gill, *see* Paragraph Nos. 1 through 23, above, was extreme and outrageous and the only logical conclusion is that they were intended to cause severe

emotional distress and that the likely result of that conduct would, indeed, cause severe emotional distress to the extent that no reasonable person under the same circumstance could be expected to endure it, the acts and conduct of Defendant Gill constituted the intentional tort of outrage in violation of the laws of the State of Arkansas.

30. Defendants Troxel and Sonk, and, by and through Defendant Troxel, himself a policy-makers for ACH, Defendant ACH knew full well of Plaintiff Cook's medical condition and knew full well that Cook was in dire need of medical attention. Nevertheless, despite specific knowledge of Cook's need for immediate medical attention, Defendant Troxel gave specific instructions that Cook was not to receive any medical care whatsoever while incarcerated, ensuring that the colon would remain prolapsed, remain subject to infection, and that Cook would continue to suffer physical and emotional pain during the course of his incarceration. Defendant Sonk failed and refused to provide whatever care he could to Cook during the course of his [Cook's] incarceration and, hence, Defendants Troxel, Sonk and ACH were deliberately indifferent to Cook's known medical needs. In essence, they knew he [Cook] needed care and refused to provide such care to the extent possible in the detention center, causing Cook to suffer with a prolapsed colon for the four (4) calendar days of his incarceration. As a direct and proximate result of the acts and conduct of Defendants Troxel, Sonk and ACH complained of above, *see* Paragraph Nos. 1 through 23, above, Cook suffered extreme physical pain, permanent injury and emotional pain and suffering.

31. The acts and conduct of all individual defendants herein were intended to cause and did cause harm to Plaintiff. The acts and conduct of all individual Defendants

complaint of above were willful and malicious and purposefully calculated to cause Cook extreme harm, pain, personal anguish, embarrassment and humiliation.

32.     As a result of the actions and conduct of Defendants complained of above Cook suffered actual damages, including but not limited to permanent physical injury, severe physical pain, extreme humiliation emotional distress and pecuniary damages as well as the loss of rights guaranteed him by the U. S. Constitution and the Arkansas Constitution which losses, in and of themselves, have pecuniary value.

33.     Defendants Saline County, Arkansas and ACH have long-standing policies, practices and policies which themselves constitute deliberate indifference and an insensitivity to violations of rights guaranteed by the U. S. Constitution on the part of their officials/employees.

## V.

### Causes of Action

34.     Plaintiff incorporates Paragraph Nos. 1 through 33, above, as though specifically set forth word-for-word, and sets forth the following causes of action:

    (a)     The acts and conduct of Defendants Pennington, Birdsong, Furr, Richards, McKinney, Saline County, Dr. Troxel, LPN Sonk and Advanced Correctional Healthcare, Inc. constitute deliberate indifference to known medical needs in violation of the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States;

    (b)     The acts and conduct of Defendants Pennington, Birdsong and Troxel, in addition to being deliberately indifferent to Plaintiff's obvious pain and

        medical needs, were knowing, purposeful, willful and malicious, specifically calculated to cause Plaintiff physical and emotional pain;

(c)     The acts and conduct of Defendants Pennington and Birdsong created "ad hoc" practices as well as policies and procedures that resulted in the deliberate indifference to Plaintiff's known medical needs on the part of Defendant Saline County, Arkansas. The deliberate indifference of the Defendant Saline County was part of long-standing practices and policies denying rights guaranteed by the constitution to inmates/detainees in the Saline County Detention Center;

(d)     The acts and conduct of Defendant Troxel created "ad hoc" practices as well as policies and procedures that resulted in the deliberate indifference to Plaintiff's known medical needs on the part of Defendant Advanced Correctional Healthcare, Inc. The Defendant Advanced Correctional Healthcare, Inc. has a long-standing practice around the country of deliberate indifference to known medical needs on the part of inmates/ detainees;

(e)     The acts and conduct of Defendants Pennington, Birdsong, Furr, Richards, McKinney, Saline County, Arkansas, Dr. Troxel, LPN Sonk and Advanced Correctional Healthcare, Inc. complained of herein constitute a violation of the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-123-101 *et. seq.* because they had the result of denying Plaintiff of his constitutional right under Article 2, Section 9 of the Arkansas Constitution to be free from cruel and unusual punishment.

- **(f)** The acts and conduct of Defendant Gill complained of herein constituted the torts of intentional infliction of severe emotional distress and outrage under the laws of the State of Arkansas; and,

- **(g)** The acts and conduct of Defendant Gill complained of herein were willful and malicious and specifically intentioned to cause Plaintiff physical and emotional suffering.

## VI.
### Demand for Jury Trial

35.     Plaintiff demands a trial by jury.

## VII.
### Prayer for Relief

Premises considered, Plaintiff pray the Court set this matter for a trial by jury and, upon such trial, to enter its Order affording the relief set forth below, *to wit:*

- **a)** Declaring the acts and conduct of Defendants Pennington, Birdsong, Furr, Richards, McKinney, Saline County, Arkansas, Dr. Troxel, LPN Sonk and Advanced Correctional Healthcare, Inc., complained of herein to constitute deliberate indifference to known medical needs and, hence, in violation of the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States;

- **b)** Declaring the acts and conduct of Defendants Pennington, Birdsong, Furr, Richards, McKinney, Saline County, Arkansas, Dr. Troxel, LPN Sonk and Advanced Correctional Healthcare, Inc., complained of herein to deprive Plaintiff of his right to be free from cruel and unusual punishment and,

hence, hence, in violation of the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-123-101 *et. seq.*;

c) Declaring the acts and conduct of Defendant Gill complained of herein to constitute the torts of intentional infliction of emotional distress and outrage in violation of the laws of the State of Arkansas;

d) Awarding Plaintiff actual monetary and compensatory damages against each separate defendant herein and in an amount to be proved at trial but, in any event, greater than that amount necessary to establish diversity jurisdiction;

e) Awarding Plaintiff punitive damages against Defendants Pennington, Birdsong and Troxel;

f) Awarding Plaintiff his costs incurred in bringing this action, including reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

g) Specifically enjoining Defendants from any further acts or conduct in derogation of their duty to provide reasonable and appropriate medical care to inmates in the detention center and monitoring Defendants' progress in achieving specific goals and timetables for the provision of adequate and appropriate medical care;

h) Awarding Plaintiff all other just and equitable relief to which he may be entitled.

DATED this 21st day of April, 2015

Respectfully submitted,

**STEVEN DAVID COOK**

By: /s/ Edward G. Adcock
Edward G. Adcock
Arkansas Bar No. 83001
1018 Cumberland # 11
Little Rock, AR 72202
Office Telephone: 501.690.6104
Facsimile: 501.374.5198
Email: egalaw@aol.com

&

By: /s/ C. Daniel Hancock
Arkansas Bar No. 2001-022
HANCOCK LAW FIRM
610 East Sixth Street
Little Rock, AR 72202
Phone: 501.372.6400
Email: hancock@hlblaw