IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEVEN DAVID COOK                                                                                     PLAINTIFF

VS.                                         NO. 4:15CV228 BRW

BRUCE PENNINGTON, Individually and
in his official capacity as Sheriff of Saline
County, Arkansas; LT DON BIRDSONG,
Individually and in his official capacity as
the Administrator of the Saline County
Detention Center; ROGER L. TROXEL,
M.D., Individually and in his official capacity
as a policymaker and healthcare provider for
Advanced Correctional Healthcare, Inc.;
ANDY GILL, Individually; ADVANCED
CORRECTIONAL HEALTHCARE, INC.;
SALINE COUNTY, ARKANSAS; DEPUTY
LAUREN FURR, Individually; SGT MIKE
RICHARDS, Individually; DEPUTY RYAN
McKINNEY, Individually; and LPN GLENN
SONK, Individually                                                                                    DEFENDANTS

### SEPARATE ANSWER OF BRUCE PENNINGTON, LT DON BIRDSONG, SALINE COUNTY, ARKANSAS, DEPUTY LAUREN FURR, SGT MIKE RICHARDS, AND DEPUTY RYAN McKINNEY

Come Bruce Pennington, Lieutenant Don Birdsong, Saline County, Arkansas, Deputy Lauren Furr, Sergeant [first name unknown] Richards, whose full name is actually Mike Richards, and Deputy Ryan McKinney, and for their separate answer to the Complaint of Plaintiff, state:

1. They deny the allegations of the paragraph headed "Introduction," but admit that the Court has jurisdiction.

2. They admit that venue is proper.

3. On information and belief, and subject to Plaintiff's proffer, they admit that Plaintiff is a

resident of Benton, Saline County, Arkansas.

4. They admit that Defendant Pennington was Sheriff of Saline County at all times pertinent to the allegations in the Complaint, and that as Sheriff, he was by statute in charge of the Saline County Detention Center (SCDC). They deny the remaining allegations of paragraph 4.

5. They admit that Defendant Birdsong was SCDC Administrator at all times pertinent to the allegations in the Complaint, and was in charge of the day-to-day operations of the jail. They deny the remaining allegations of paragraph 5.

6. Paragraph 6 of the Complaint does not appear to allege liability on the part of these separate Defendants, but to the extent that paragraph 6 does allege such liability, those allegations are denied.

7. Paragraph 7 of the Complaint does not appear to allege liability on the part of these separate Defendants, but to the extent that paragraph 7 does allege such liability, those allegations are denied.

8. They admit that at all pertinent times they were acting under color of law but deny the remaining allegations of paragraph 8.

9. Paragraph 9 of the Complaint does not appear to allege liability on the part of these separate Defendants, but to the extent that paragraph 9 does allege such liability, those allegations are denied.

10. They admit the allegations of paragraph 10.

11. They admit the allegations of paragraph 11.

12. They admit the allegations of paragraph 12.

13. Paragraph 13 of the Complaint does not appear to allege liability on the part of these

separate Defendants, but to the extent that paragraph 13 does allege such liability, those allegations are denied.

14. They deny the allegations of paragraph 14.

15. They deny the allegations of paragraph 15.

16. They deny the allegations of paragraph 16.

17. They deny the allegations of paragraph 17.

18. They deny the allegations of paragraph 18.

19. They deny the allegations of paragraph 19.

20. Paragraph 20 of the Complaint does not appear to allege liability on the part of these separate Defendants, but to the extent that paragraph 20 does allege such liability, those allegations are denied.

21. They deny the allegations of paragraph 21.

22. They deny the allegations of paragraph 22.

23. Paragraph 23 of the Complaint does not appear to allege liability on the part of these separate Defendants, but to the extent that paragraph 23 does allege such liability, those allegations are denied.

24. Paragraph 24 of the Complaint does not appear to allege liability on the part of these separate Defendants, but to the extent that paragraph 24 does allege such liability, those allegations are denied.

25. They deny the allegations of paragraph 25.

26. They deny the allegations of paragraph 26.

27. They deny the allegations of paragraph 27.

28. They deny the allegations of paragraph 28.

29. They deny the allegations of paragraph 29.

30. Paragraph 30 of the Complaint does not appear to allege liability on the part of these separate Defendants, but to the extent that paragraph 30 does allege such liability, those allegations are denied.

31. They deny the allegations of paragraph 31.

32. They deny the allegations of paragraph 32.

33. They deny the allegations of paragraph 33.

34. They deny the allegations of paragraph 34, sub-parts a, b, c, and e. Paragraph 34, sub-parts d, f, and g, of the Complaint do not appear to allege liability on the part of these separate Defendants, but to the extent that sub-parts d, f, and g do allege such liability, those allegations are denied.

35. They join Plaintiff in his request for trial by jury.

36. Sub-parts a through h of the Complaint's prayer for relief do not appear to allege liability on the part of these separate Defendants, but to the extent that those sub-parts do allege such liability, those allegations are denied.

**Affirmative Defenses**

37. This action is barred by the doctrines of estoppel and sovereign, statutory, and qualified immunity.

38. Any injuries or damages sustained by Plaintiff were proximately caused by his own conduct or that of persons other than these separate Defendants.

39. The Complaint does not state a claim upon which relief can be granted, or alternatively,

the Complaint does not make plausible allegations of fact within the meaning of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

40. This action is barred, in whole or in part, by the applicable statute of limitations.

41. Because Plaintiff failed to exhaust his administrative remedy by submitting a timely grievance, this action is barred by the Prison Litigation Reform Act.

42. Plaintiff is not entitled to punitive damages. Alternatively, any award of punitive damages in this case will violate the Due Process Clause, should such an award be in excess of the ratio to compensatory damages as most recently held by the Supreme Court of the United States.

WHEREFORE, these separate Defendants pray that the Complaint be dismissed; for costs including attorneys' fees; and for all other proper relief.

/s/George D. Ellis
GEORGE D. ELLIS (ARK. BAR NO. 72035)
Ellis Law Firm, P.A.
Attorney for Defendants Pennington, Birdsong,
    Saline County, Furr, Richards, McKinney
126 North Main Street
Benton, Arkansas 72015
501-315-1000
501-315-4222 fax
gellisinbenton@swbell.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of May, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

/s/George D. Ellis
GEORGE D. ELLIS