IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

STEVEN DAVID COOK                                                              PLAINTIFF

v.                              CASE NO. 4:15CV228 BRW

BRUCE PENNINGTON, ET AL.                                    DEFENDANT[S]

ANSWER

COMES NOW Separate Defendant Andy Gill, by and through his attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for his Answer to the Complaint (DE1), states:

1. Separate Defendant Gill denies each and every material factual allegation of the Complaint (DE1), except to the extent specifically admitted herein.

2. Separate Defendant Gill denies the allegations contained in the paragraph headed "Introduction" on pages 1 – 4 of the Complaint.

3. Separate Defendant Gill admits that this Court has jurisdiction, as alleged in numbered paragraph 1, on page 4, of the Complaint.

4. Separate Defendant Gill admits that venue is proper, as alleged in numbered paragraph 2, on page 4, of the Complaint.

5. Separate Defendant Gill is without specific knowledge to either admit or deny the allegations contained in numbered paragraph 3, on page 5, of the Complaint and therefore denies same.

6. Separate Defendant Gill admits that Bruce Pennington served as the Saline County Sheriff, as alleged in numbered paragraph 4, on page 5, of the

Complaint. Separate Defendant Gill is without specific knowledge to either admit or deny the remainder of the allegations contained in paragraph 4, on pages 5 – 6, and therefore denies same.

7. Separate Defendant Gill admits that Don Birdsong was SCDC Administrator, as stated in numbered paragraph 5 of the Complaint. Separate Defendant Gill is without sufficient information to either admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies same.

8. Separate Defendant Gill is without specific knowledge to either admit or deny the allegations contained in numbered paragraph 6, on page 7, of the Complaint and therefore denies same.

9. Separate Defendant Gill admits that at all times pertinent hereto he was an Assistant Prosecuting attorney in and for Saline County, Arkansas. Separate Defendant Gill denies the remainder of the allegations contained in numbered paragraph 7 on pages 7 – 8 of the Complaint.

10. Separate Defendant Gill is without specific knowledge or information to either admit or deny the allegations contained in numbered paragraphs 8, 9, 10, 11, 12, and 13 of the Complaint and therefore denies same.

11. Separate Defendant Gill denies the allegations, as stated, in numbered paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34 (including subparts a – g).

12. Separate Defendant Gill joins Plaintiff's motion for a jury trial as stated in numbered paragraph of the Complaint.

13. Separate Defendant Gill denies that Plaintiff is entitled to any of the relief sought pursuant to Section VII, entitled "Prayer for Relief" on pages 18 – 19 (including subparts a – h).

14. Affirmatively pleading, Separate Defendant Gill states that the current action is barred by the doctrines of estoppel, and sovereign, statutory, absolute and qualified immunity.

15. Affirmatively pleading, any injuries or damages sustained by Plaintiff were proximately caused by his own conduct or that of persons other than Separate Defendant Gill.

16. Affirmatively pleading, the Complaint fails to state a claim upon which relief can be granted, or alternatively, the Complaint does not make plausible allegations of fact within the meaning of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

17. Affirmatively pleading, the Complaint is barred, in whole or in part, by the applicable statute of limitations.

18. Affirmatively pleading, Plaintiff has failed to exhaust his administrative remedies, therefore this action is barred by the PLRA.

19. Affirmatively pleading, Plaintiff is not entitled to an award of punitive damages.

20. Affirmatively pleading, Separate Defendant Gill reserves the right to plead further in this matter.

21.  Affirmatively pleading, Separate Defendant Gill asserts that the claims in the Complaint may be barred by laches collateral estoppel, and/or res judicata.

22.  Affirmatively pleading, Plaintiff's claim for injunctive relief is moot.

WHEREFORE, Separate Defendant Any Gill respectfully requests that this Court dismiss the claims against him in this lawsuit and for all other just and proper relief to which he may be entitled.

        Respectfully submitted,

        LESLIE RUTLEDGE
        Attorney General


By:   */s/ Christine A. Cryer*

        Christine A. Cryer
        Ark Bar No. 2001082
        Senior Assistant Attorney General
        Arkansas Attorney General's Office
        323 Center Street, Suite 200
        Little Rock, AR 72201
        (501) 683-0958
        christine.cryer@arkansasag.gov

**CERTIFICATE OF SERVICE**

I Christine A. Cryer, hereby certify that on July 9, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

I Christine A. Cryer, hereby certify that on July 9, 2015, I mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Mr. Charles D. Hancock
hancock@hlblaw

Edward G. Adcock
egalaw@aol.com

George Ellis
gellisinbenton@swbell.net

>    */s/ Christine A. Cryer*
>    Christine A. Cryer