IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**STEVEN DAVID COOK**                                                                                   **PLAINTIFF**

**VS.**                                        **NO. 4:15CV-228 BRW**

**BRUCE PENNINGTON,** *et. al.,*                                                                **DEFENDANTS**

BREIF IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AGAINST DEFENDANTS BRUCE PENNINGTON
AND SALINE COUNTY, ARKANSAS

**COMES THE PLAINTIFF, Steven David Cook,** by and through his attorneys, **Edward G. Adcock, Arkansas Bar No. 83001**, and **C. Daniel Hancock, Arkansas Bar No. 2001-022**, and, proffers the following Brief in Support of Plaintiff's Motion for Summary Judgment, *to wit*:

It is settled law that deliberate indifference to a prisoner's serious medical needs amounts to unnecessary and wanton infliction of pain and is a violation of the Eighth Amendment bar against cruel and unusual punishment. *McRaven v. Sanders,* 577 F.3d 974, 979 (8th Cir. 2009), *quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prove that a government actor failed to provide adequate medical treatment, one must prove that the Plaintiff suffered from an objectively serious medical need and that the individual defendant knew of that need, but deliberately disregarded it. *Hartsfield v. Colburn,* 371 F.3d 454, 457 (8th Cir. 2004). A medical need is considered serious when it has been diagnosed **OR** where the need is so obvious that even a non-medical person could easily

recognize the need for medical attention. *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir. 1997).

Obviously, the standard for gauging the presence of deliberate indifference under the 8th or 14th Amendments is relatively simple. *Kahle vs. Leonard,* 477 F..3d 544, 550 (8th Cir. 2007) (same standards apply under either.) A government official is deliberately indifferent under either amendment if he or she knows of a prisoner's objectively serious medical need and deliberately disregards it. *Hartsfield, supra,* 371 F.3d at 457.

In this case, there may be some dispute as to facts having no specific bearing on determinative legal issues, for example, whether in fact Cook had suffered a prolapse before June 29, 2012, whether Gill "ordered" or "asked" that Cook be kept in the jail, or whether Pennington was in the Sergeant's office when Troxel told the "jail administration" that Cook needed to be released or taken to UAMS. *See Marriott v. Smith,* 931 F.2d 517 (8th Cir. 1991) (Disputed facts having no bearing on determinative legal issues do not prevent summary judgment.) But there is no dispute as to the basic facts bearing on the determinative legal issue.

Consider the following facts which are undisputed:

1. Plaintiff suffered a prolapsed rectum on June 29, 2012 in the Saline County Detention Center. *See* virtually every exhibit proffered under Plaintiff's Motion for Summary Judgment, most particularly Ex. Nos. 1, 2, 3 & 6;

2. With a prolapsed rectum the lower portion of the colon protrudes from the rectum. That is what happened to Plaintiff Cook. The prolapse looked like hamburger meat and was the size of a cereal bowl, roughly 6 to 7 inches wide.

> While the problem was not life threatening, it is the sort of thing anyone wants to have corrected quickly.

3. Dr. Troxel said clearly that "Cook needed to get out . . ." of the jail, *see* Ex. Nos 7 & 9, that a prolapsed rectum was beyond the scope of care that could be delivered at the jail. *See* Ex. 6.

4. Whether he learned of the prolapse from Troxel or Birdsong or Gill, the bottom line is that Defendant Pennington knew of Cook's condition and knew that Troxel's recommendation was that he [Cook] be released to seek medical care or that he be taken to the hospital. *See* Ex. 11 at pp. 13. It is further undisputed **a)** that regardless of his motivation, whether it be simple financial considerations or Gill's "ask", Pennington decided not to release Cook and that Cook was not leave the facility for care. *See* Ex. 11 at 16, 17 & 20, **b)** that when he made that decision he was aware of Dr. Troxel's recommendation and he made the conscious decision to ignore the doctor's recommendation. *See* Ex. 11 at 26-27, 31–33.

Granted, there are a number of other non-determinative factual issues floating around the periphery of this case. *See* discussion above. But these simple facts are sufficient to establish liability *vis-à-vis* Defendant Pennington. The above-cited facts, and in and of themselves alone, satisfy the requirements of *Hartsfield, supra*; Pennington knew of the serious medical need and deliberately disregarded it. Obviously, Cook had the prolapsed rectum. Obviously, several inches of "hamburger meat" hanging out of one's rectum, even absent Troxel's diagnosis, is a "serious medical need." Obviously, Dr. Troxel made recommendations for treatment. Obviouisly, those recommendations

were ignored by the one person with the authority to make the decision to afford Cook medical care, that being Defendant Pennington.  And, obviously, Pennington's disregard for the Dr's recommendation was knowing and deliberate.  Bottom line, Pennington deliberately and willfully and with malice allowed Cook to sit in jail for 3 & ½ days with the "hamburger meat" hanging outside his body.

County litability is also clear.  Granted, the County is not liable under Section 1983 for an injury inflicted solely by a county employee.  *Parrish v. Ball,* 594 F.3d 993, 997 (8th Cir. 2010) & *Monell v. New York Dep't of Soc. Serv.* 436 U.S. 658, 694, 98 S.Ct. 2018 (1978).  But the county IS LIABLE for the acts of its employee when that employee is carrying out a county policy or custom.  *Id., & Jenkins, supra.*  A "policy" is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters."  *Marksmeier, supra* at 902.  A custom involves a continuing pattern of unconstitutional conduct.  *Id.,* at 902-903.  In this case, Sheriff Pennington, the official with the authority to set policy and procedure in the detention center, the official with the actual authority to say "yea" or "nay" with regard to medical care, deliberately denied Steven David Cook needed medical care for a known serious medical need.

## Conclusion

This Court should grant Plaintiff summary judgment against Defendants Pennington and Saline County as to the issue of liability, leaving only the question of damages for these particular defendants at trial of this matter.

**DATED** this 8th day of February, 2016

                Respectfully submitted,

                                              **STEVEN DAVID COOK**

                              **By:**     __/s/--Edward G. Adcock_____
                                              **Edward G. Adcock**
                                              **Arkansas Bar No. 83001**
                                              1018 Cumberland # 11
                                              Little Rock, AR 72202
                                              Office Telephone:  501.690.6104
                                              Facsimile: 501.374.5198
                                              Email: egalaw@aol.com

&

                              **By:**     _/ss/__C. Daniel Hancock_____
                                              **C. Daniel Hancock**
                                              **Arkansas Bar No. 2001-022**
                                              HANCOCK LAW FIRM
                                              610 East Sixth Street
                                              Little Rock, AR 72202
                                              Phone: 501.372.6400
                                              Email: hancock@hlblaw

## CERTIFICATE OF SERVICE

I, Edward G. Adcock, Arkansas Bar No. 83001, do hereby certify that on this 8th day of February, 2016, filed the above and foregoing Brief in Support of Plaintiff's Motion for Summary Judgment with Clerk of the Court using the CM/ECF system which shall send notification of such filing to the following:

    Benjamin Jackson
    bjakckson@mwlaw.com

    Christine Cryer
    Christine.cryer@arkansas.ag.gov

    George Ellis
    Gellisinbenton@swbell.net

                                **By:**     __/s/--Edward G. Adcock_____
                                              **Edward G. Adcock**
                                              **Arkansas Bar No. 83001**