IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEVEN DAVID COOK                                              PLAINTIFF

VS.                              NO. 4:15CV228 BRW

BRUCE PENNINGTON, Individually and
in his official capacity as Sheriff of Saline
County, Arkansas; LT DON BIRDSONG,
Individually and in his official capacity as
the Administrator of the Saline County
Detention Center; SALINE COUNTY,
ARKANSAS; DEPUTY LAUREN FURR,
Individually; SGT MIKE RICHARDS,
Individually; DEPUTY RYAN
McKINNEY, Individually                                         DEFENDANTS

## DEFENDANTS' PRETRIAL DISCLOSURE SHEET

Pursuant to the requirements of Local Rule 26.2 and Rule 26(a)(3), Fed. R. Civ. P.,
Defendants submit this pretrial disclosure sheet:

1. The identity of the party submitting information: Defendants.

2. The names, addresses, and telephone numbers of all counsel for the party: George D. Ellis,
126 North Main Street, Benton, Arkansas 72015, (501) 315-1000, *gellisinbenton@swbell.net*.

3. A brief summary of claims and relief sought: Plaintiff alleges that Defendants violated the
constitutional rights of Plaintiff by denying medical care.

4. Prospects for settlement: The parties are exploring settlement, and a settlement conference
is being scheduled.

5. The basis for jurisdiction and objections to jurisdiction: 28 USC § 1343; 42 USC § 1983;
Arkansas Civil Rights Act of 1993. Defendants do not object to jurisdiction.

6. <u>A list of pending motions</u>: All parties have filed motions for summary judgment, which remain pending.

7. <u>A concise summary of the facts</u>: On Friday, June 29, 2012, Plaintiff was arrested and booked in to the Saline County Detention Facility. At booking, he informed jail personnel that he had rectal prolapse, and later requested medical attention for that condition.  Plaintiff was examined by medical personnel at the jail. Jail personnel were advised by the Deputy Prosecuting Attorney in charge of this case that Plaintiff's condition was chronic and he could manage it by himself without medical intervention. The prosecutor also advised that if Plaintiff was let out, he might harm the victim. The Sheriff made the decision that he should  remain in the jail until his appearance in court on Monday, at which time he was released on bond by the Saline County District Judge. This action was filed by Plaintiff almost three years later, on April 21, 2015.

8. <u>All proposed stipulations</u>: Defendants will stipulate that Defendants were acting under color of law at all times.

9. <u>The issues of fact expected to be contested</u>: Whether Defendants violated Plaintiff's constitutional rights by engaging in deliberate indifference.

10. <u>The issues of law expected to be contested</u>: Whether the Defendants are protected by qualified immunity, and whether their conduct constituted a constitutional deprivation.

11. <u>A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer</u>: Depositions of the remaining parties and now-dismissed parties; the jail file from Saline County Detention Facility; medical records of Plaintiff.

12. <u>The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony</u>: Defendants may call those persons listed as Defendants and persons who have been dismissed as party-Defendants, all addresses known to Plaintiff. They may also call Plaintiff and any persons listed in Plaintiff's discovery, initial disclosures, pretrial disclosure sheets, or Rule 56 pleadings. They may also call Stefany Germscheid if her address can be determined.

13. <u>The current status of discovery, a precise statement of the remaining discovery and an0 estimate of the time required to complete discovery</u>: Discovery is complete.

14. <u>An estimate of the length of trial and suggestions for expediting disposition of the action</u>: Two days.

/s/ George D. Ellis
GEORGE D. ELLIS (Ark. Bar No. 72035)
Attorney for Defendants
Ellis Law Firm, P.A.
126 North Main Street
Benton, Arkansas 72015
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
gellisinbenton@swbell.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

/s/ George D. Ellis